IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES of AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 13-cv-06100 |
| Plaintiff, | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| FRANKIE ALICEA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Frankie Alicea is an inmate in the custody of the Federal Bureau of Prisons serving a 322-month term of imprisonment. He has petitioned the Court for a writ of habeas corpus, seeking to vacate, set aside or correct his sentence and subsequently sought to amend his petition. For the following reasons, the motion to vacate, set aside or correct his sentence is dismissed and the court denies Alicea's motion to amend the petition. This cause is dismissed in its entirety.

**BACKGROUND**

Following a jury trial, Alicea was convicted in 1994 of one count of assaulting a federal official performing official duties (18 U.S.C. § 111), one count of using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)), one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)), and three counts of unlawfully possessing stolen mail (18 U.S.C. §1708). He was sentenced to 322 months' imprisonment. *United States v. Frankie Alicea*, No. 94 cr 00348, Dkt 65-2. The Seventh Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Frankie Alicea*, No. 94-3795, slip opinion (7th Cir. Feb. 27, 1996).

Alicea then filed a motion pursuant to Section 2255 of the federal habeas statute to vacate his sentence, which the District Court denied on June 18, 1997. *See* No. 97 cv 2607, Dkt 6; *see also* No. 94-cr-348, Dkt 65-3. On June 10, 2010, the District Court dismissed for lack of jurisdiction Alicea's "writ for error *coram nobis*," filed on April 12, 2010. No. 94 cr 00348, Dkt 11. The District Court construed Alicea's filing as a motion falling within the ambit of 28 U.S.C. § 2255, and concluded that it did not have jurisdiction to entertain a successive Section 2255 motion absent certification by the Seventh Circuit. No. 94 cr 00348, Dkt. 67.

Alicea filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on August 23, 2013. In the motion, he argues, first, that two of the predicate offenses considered in enhancing his sentence are no longer considered "violent felonies," as required by the federal Armed Career Criminal enhancement found in 18 U.S.C. § 924(e). Second, Alicea argues that the sentence enhancement he received was improper because a jury did not find beyond a reasonable doubt that the enhancement applied.

On March 31, 2014, after the Court set a briefing schedule, but before the deadline to respond, Alicea filed a motion to amend his petition. Subsequently, the Government filed its response on April 11, 2014. On May 1, 2014, Alicea filed his "Traverse to Government's Response to Motion to Vacate, Correct, or Set Aside Sentence," (Dkt. 11) which the Court construes as his reply in support of his habeas petition. Then, on June 6, 2014, after his motion challenging his sentence was fully briefed, Alicea filed a second motion to amend his habeas petition. Dkt 12.

**LEGAL STANDARD**

Alicea brought his initial motion pursuant to 28 U.S.C. § 2255, which provides that a sentence may be vacated, set aside, or corrected if the sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Subsection 2255(h) requires second or successive motions to be certified by the court of appeals, as provided in 28 U.S.C. § 2244. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring the petitioner to request and obtain an order from the court of appeals authorizing the district court to consider the habeas petition).

**DISCUSSION**

*Second or Successive Motion*

Alicea contends the instant motion challenging his sentence is brought pursuant to a new constitutional rule that is to be applied retroactively. The Government responds that Alicea's motion should be denied for two reasons: (1) the Court does not have jurisdiction to consider it because he failed to obtain leave from the Court of Appeals to file the motion; and, in the alternative, (2) even if the Court retains jurisdiction, Alicea's motion is untimely.

Under Section 2255, a federal prisoner only has one opportunity to challenge a conviction or sentence after a direct appeal. *See* 28 U.S.C. § 2255(a), (h). A court of appeals must certify a second or successive motion before a district court is authorized to hear it. *See Suggs v. U.S.*, 705 F.3d 279, 282 (7th Cir. 2013); *see also*, 28 U.S.C. §§ 2244(a)-(b), 2255(h). It is the court of appeals that determines whether a petitioner's challenge to his sentence fits within one of two narrow exceptions allowed for second or successive motions: "(1) newly discovered evidence that makes a clear and

convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court." *Suggs*, 705 F.3d at 282, 28 U.S.C. § 2255(h). The district court has no jurisdiction to hear the petition without authorization from the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

In 2010, the District Court dismissed Alicea's motion challenging his sentence because it was a successive motion and Alicea did not obtain certification from the Seventh Circuit to file the motion with the district court. Alicea's filing here presents the same circumstances. Again, Alicea has filed a motion challenging his sentence, and again, he has failed to obtain prior authorization from the Seventh Circuit to file the motion. Therefore, the Court lacks jurisdiction to hear it. 28 U.S.C. § 2255(h); *see also Suggs*, 705 F.3d at 282.

*Certificate of Appealability*

Where the Court dismisses a habeas petition on procedural grounds, a certificate of appealability ("COA") should issue only when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000). Here, as the Court explained above, Alicea's motion is an unauthorized successive collateral attack on his sentence. Therefore, he cannot satisfy the criteria for a COA. Accordingly, a COA shall not issue. *See Sveum v. Smith*, 403 F.3d 447, 447 (7th Cir. 2005).

**CONCLUSION**

The Court dismisses Alicea's motion to vacate, set aside or correct his sentence for want of jurisdiction. The Court also denies Alicea's motion to amend his petition as moot. A certificate of appealability is not issued.

IT IS SO ORDERED.

_____
Date: January 30, 2015

_____
Sharon Johnson Coleman
United States District Judge

3